IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLTON BRONTA MAY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the court on defendant's motion to suppress, (DE # 18), memorandum and recommendation ("M&R") entered by the United States Magistrate Judge, (DE # 38), defendant's timely objections to the M&R, (DE # 39), and the government's response to defendant's objections. (DE # 44.) In this posture, the issues raised are ripe for ruling.

Defendant seeks to suppress certain evidence obtained by law enforcement in a April 24, 2008 search of defendant's trailer home pursuant to a state search warrant, and certain statements made by defendant incident to the search. Defendant contends that the search warrant was fatally defective because it was insufficiently particular with regard to the premises to be searched, that the search warrant did not cover weapons seized by the police executing the search warrant, and that defendant's statements were the fruit of a tainted search and should be suppressed accordingly. On January 15, 2009, a hearing on defendant's motion to suppress was held before the United States Magistrate Judge. Subsequently, the magistrate judge entered the M&R recommending that defendant's motion to suppress be denied. First, the magistrate judge found that the warrant was sufficiently particular when properly considered in conjunction with the incorporated materials

accompanying it and the executing officers' familiarity with the premises to be searched. Second, the magistrate judge found that, assuming *arguendo* that the warrant was insufficient, the search would have been valid under the good faith exception. Third, the magistrate judge found that the officers' seizure of firearms was lawful, even though the warrant did not specify firearms as items to be seized, because they were subject to the plain view doctrine. Finally, the magistrate judge found that defendant's statements incident to the search were not subject to exclusion because the warrant and search were lawful.

Defendant now renews most of his original arguments in support of his motion to suppress, and objects to essentially every finding of the magistrate judge. As such, defendant's numerous objections can be broadly categorized as those objecting to the magistrate judge's findings that: (1) the search warrant was sufficiently particular; (2) the good faith exception would apply to this case if the warrant were not sufficiently particular; (3) the seizure of the weapons was permissible; and (4) defendant's statements are admissible because they are not the fruits of an unlawful search. Accordingly, this court reviews those portions of the M&R to which defendant has objected *de novo*. See 28 U.S.C. § 636(b)(1).

After a thorough review of the facts of this case and the applicable legal principles invoked by defendant, this court finds defendant's objections are without merit. The affidavit may be properly considered together with the incorporated application and probable cause affidavit. See Groh v. Ramirez, 540 U.S. 551, 560 (2004). When these documents are properly considered together, the resulting description of the property to be searched is particular enough "to enable the executing officer to locate and identify the premises with reasonable effort." United States v. Durk, 149 F.3d 464, 465 (6th Cir. 1998) (quoting United States v. Gahagan, 865 F.2d 1490, 1496 (6th Cir.

2

Case 5:08-cr-00331-FL   Document 45   Filed 04/03/09   Page 2 of 4

1989)); see also United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988). Further, the officer's familiarity with the premises to be searched obviated the likelihood that another premises may have been mistakenly searched. See Durk, 149 F.3d 465. Because the warrant satisfied the particularity requirements of the Fourth Amendment, and was otherwise valid, this court need not reach the question of whether the good faith exception would apply to this case.

Further, nothing advanced by defendant persuades the court that the magistrate judge incorrectly found that the weapons were properly seized. First, though the warrant in this case did not specifically authorize the seizure of weapons, it did authorize seizure of drug "paraphernailia [sic] and other items that indicate the possessio[n] and sell [sic] of controlled substances . . . [and] items showing ownership and proceeds from the sale of controlled substances." (Def.'s Mot. to Supp., Ex. 1.) As the magistrate judge noted, the Fourth Circuit has held that "[g]uns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). Here, the guns were found in the presence of an array of other drug paraphernalia, affirming the link between guns and drugs that the Fourth Circuit identified in Ward. (Def.'s Mot. to Supp., Ex. 2.) As such, the seizure of the guns was proper under the valid warrant in this case. Even were this not the case, the magistrate judge properly concluded that these weapons would have been covered by the plain view doctrine. For an item to be subject to the plain view doctrine, first, the officer seizing the item must "be lawfully present at the place from which the evidence can be plainly viewed. Second, the officer must have a lawful right of access to the object itself. And [third], the object's incriminating character must . . . be immediately apparent." United States v. Wells, 98 F.3d 808, 809-10 (4th Cir. 1996) (alteration in original). An item may be seized under the plain view doctrine where it is located in plain view in a place where items

3

described in a valid warrant could reasonably be expected to be found. Id. at 810. The officers were on the premises conducting a lawful search for narcotics and related items, and found each of the firearms in a place to which they had a lawful right of access. The officers executing the warrant also had probable cause to believe that defendant's possession of those weapons was unlawful because they knew of defendant's previous felony conviction. (Tr. 30.) Consequently, all three prongs of the plain view doctrine are satisfied here and the seizure of the weapons would be proper even if the warrant did not apply to them.

Finally, defendant's contention that his statements are excludable as the fruit of an illegal search cannot stand. This court finds that the search was conducted to a lawful warrant. As such, any statements made by defendant to the police incident to the search are not the product of an illegal search.

For all of the foregoing reasons, the court OVERRULES defendant's objections to the M&R. Except as heretofore stated, the findings in the M&R are adopted as the court's own. Accordingly, defendant's motion to suppress is DENIED.

SO ORDERED, this the 3rd day of April, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:08-cr-00331-FL   Document 45   Filed 04/03/09   Page 4 of 4