IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL-1
NO. 5:12-CV-438-FL

| | |
|---|---|
| CARLTON BRONTA MAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 106). On September 10, 2012, the government filed a motion to allow petitioner's motion to vacate, waiving its statute of limitations defense and stating that it does not oppose resentencing of defendant (DE # 109).

On November 6, 2008, petitioner was charged in a five-count indictment. Count one charged crack distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts two and three charged petitioner with crack distribution in violation of 21 U.S.C. §§ 841(a)(1). Count four, at issue in this order, charged petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count five charged petitioner with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Petitioner was convicted after trial on all counts. On January 5, 2010, the court sentenced petitioner to 240 months imprisonment for counts one, two, or three to be served concurrently; 120 months imprisonment on count four to be served concurrently; and 60 months imprisonment on count five to be served consecutively. Petitioner appealed and the court of appeals affirmed on September 21, 2011.

Petitioner now argues, and the government agrees, that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a predicate felony offense to support his count four conviction of felon in possession of a firearm. Petitioner therefore requests that the court vacate his conviction in count four in light of Simmons and resentence him on the remaining counts.

Where the government waives defenses to vacating the conviction on count four, and where the court upon review of the record finds that, in light of Simmons, petitioner does not have a predicate felony to support the crime of conviction in count four, the court ALLOWS petitioner's § 2255 motion to vacate, as follows. The court VACATES petitioner's judgment of conviction in count four for felon in possession of a firearm and VACATES his sentence. The clerk of court is DIRECTED to schedule and notice a re-sentencing hearing during the next available sentencing term at the United States Courthouse in New Bern, North Carolina. The government will ensure petitioner's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, and publish to the appropriate parties a recalculation of petitioner's corrected advisory Guideline Range.

SO ORDERED, this the 14th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge