IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL-1
NO. 5:12-CV-438-FL

| | | |
|---|---|---|
| CARLTON BRONTA MAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b), (DE 131), which the court construes as including a motion for reconsideration of the court's April 21, 2014, order, as well as a motion to amend.[1] For the following reasons, the court vacates its April 21, 2014, order; denies as moot the motion to amend; and provides notice to petitioner of the court's intent to recharacterize his March 20, 2014, motion as a first § 2255 motion.

## BACKGROUND

On November 6, 2008, petitioner was charged in a five-count indictment. Count one charged crack distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts two and three charged petitioner with crack distribution in violation of 21 U.S.C. §§ 841(a)(1). Count four charged petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count five charged petitioner with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Petitioner was convicted after trial on all counts.

---

[1] Upon filing, the court docketed the motion as a Rule 60(b) motion regarding the court's judgment (DE 112). The clerk is DIRECTED to correct the description of the motion on the docket to reflect that it is a Rule 60(b) motion for reconsideration of the court's April 21, 2014, order (DE 123), as well as a motion to amend.

On January 5, 2010, the court sentenced petitioner to 240 months imprisonment for counts one, two, or three to be served concurrently; 120 months imprisonment on count four to be served concurrently; and 60 months imprisonment on count five to be served consecutively; yielding a total term of imprisonment of 300 months. Petitioner appealed and the court of appeals affirmed on September 21, 2011.

On April 9, 2012, petitioner through court-appointed counsel filed a motion to vacate under 28 U.S.C. § 2255, raising a single claim for relief, in which petitioner sought to vacate the conviction and sentence on count 4, on the basis of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and to re-sentence him on the remaining counts. In response, the government urged the court to allow the § 2255 motion, waiving defenses to vacating the conviction.

On August 2, 2012, the court allowed petitioner's § 2255 motion, vacated the judgment of conviction in count four and vacated petitioner's original sentence. The court scheduled and noticed a re-sentencing of petitioner; directed the government to ensure petitioner's timely writ, transportation, and housing for the re-sentencing hearing; and directed the probation office to investigate, prepare and publish to the appropriate parties a recalculation of petitioner's corrected advisory guideline range.

On May 3, 2013, the probation office filed a modification to presentence investigation report, noting that a previously filed enhancement under 21 U.S.C. § 851 is no longer applicable and, in consideration that the defendant will be subject to a full resentencing, the statutory penalties associated with the Fair Sentencing Act of 2010 apply. The probation office determined that the minimum guidelines range for sentencing was a total of 270 months imprisonment.

2

The court held a re-sentencing hearing on May 9, 2013, at which petitioner was present with counsel. The court noted an objection to the base offense level, and the court heard argument from counsel regarding the nature of the offense and the characteristics of the petitioner. The court sentenced petitioner to a term of 210 months on counts one, two, and three, to be served concurrently and a 60 month term of imprisonment on count five to be served consecutively, for a total term of imprisonment of 270 months. The court entered its amended judgment on May 9, 2013.

On March 20, 2014, petitioner filed a document styled as a motion for reconsideration and a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("March 20, 2014, motion"). In this motion, petitioner raised several claims in favor of recalculation of his sentence: (1) the district court erred in its drug quantity calculation for sentencing purposes; (2) his sentence was calculated incorrectly in light of reduced mandatory minimum sentences on counts one, two, and three; (3) the court erred in its jury instructions.

In its April 21, 2014, order, the court construed petitioner's March 20, 2014, motion as containing, in part, an application to file a second or successive § 2255 motion raising claims attacking the original conviction and sentence, and in part as a motion for reconsideration of the court's amended judgment entered May 9, 2013.

On February 25, 2015, petitioner filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b), (DE 131), wherein he asks the court to reconsider its April 21, 2014 order. Petitioner also seeks to amend claims asserted in his March 20, 2014, motion to include claims of ineffective assistance of counsel at resentencing and in failing to file a notice of appeal of the amended judgment.

3

DISCUSSION

A.  Standard of Review

"The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12. Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party "from a final judgment, order, or proceeding," for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."

B.  Analysis

1.  Motion to Reconsider

In the first part of his motion, petitioner urges the court to reconsider its April 21, 2014, order dismissing his March 20, 2014, motion as a second or successive motion, in light of the Supreme Court's decision in Magwood v. Patterson, 361 U.S. 320 (2010).

Under Magwood, this court incorrectly treated petitioner's March 20, 2014, motion as a barred second or successive § 2255 petition. "Where . . . there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." 310 U.S. at 341-42. This is because the amended "judgment and sentence has been the result of a complete and new assessment of all of the evidence, arguments of counsel, and law," where the court conducts a "full resentencing." Id. at 339.

In this case, where petitioner filed his March 20, 2014 motion following a full re-sentencing and entry of an amended judgment in May 2013, the court erred in treating it as a second or successive § 2255 motion, and should have instead construed it as a first § 2255 motion challenging

4

the amended judgment. See Magwood, 310 U.S. at 341-42. Furthermore, if the court had properly construed the March 20, 2014, motion as a first § 2255 motion, the court would have then been required to provide petitioner notice of the characterization with "an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." United States v. Blackstock, 513 F.3d 128, 132 (4th Cir. 2008) (quoting Castro v. United States, 540 U.S. 375, 383 (2003)).

Because this court erred in characterizing petitioner's March 20, 2014 motion as a second or successive petition, the court hereby VACATES its April 21, 2014, order. In addition, where the court did not characterize the March 20, 2014, motion as a first § 2255 motion at the time of its April 21, 2014, order, and where the court thus did not provide petitioner correct notice of characterization as such, the court must provide that notice now, along with "an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has." Castro, 540 U.S. at 383.

Accordingly, the court hereby provides petitioner with notice that the court intends to characterize petitioner's March 20, 2014 motion as petitioner's first § 2255 motion challenging the court's 2013 amended judgment. Pursuant to Castro, the court warns petitioner that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides petitioner with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Castro, 540 U.S. at 383.

If petitioner agrees with the recharacterization of his March 20, 2014 motion as a first § 2255 motion, within 40 days of the date of this order, petitioner shall file on correct § 2255 form his § 2255 motion containing all the § 2255 claims petitioner believes he has. Petitioner is advised that

5

the format of any § 2255 motion must substantially follow the form appended to the Rules Governing § 2255 Proceedings. The clerk is DIRECTED to provide petitioner a copy of the appropriate form. Petitioner must complete the form in its entirety, sign it under penalty of perjury and file it with the Clerk of this court. All filings, including a § 2255 motion on the correct form, must be submitted to:

> Clerk of Court
> United States District Court, EDNC
> 413 Middle St.
> New Bern, NC 28562

In light of the court's error in initially mischaracterizing his March 20, 2014, motion, and failing to notify of an opportunity to amend, the court will treat any claims filed on the correct § 2255 form as relating back to the date of petitioner's March 20, 2014, motion. Thereafter, the court shall permit amendments to the petition to the extent permitted by law. See United States v. Emmanuel, 288 F.3d 644,649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, Blackstock, 513 F.3d at 133.

If petitioner objects to recharacterization of his March 20, 2014, motion, the court will rule on the merits of the motion as filed.

    2.    Motion to Amend

In light of the court's recharacterization of petitioner's March 20, 2014, motion, wherein the court provides petitioner with an opportunity to file it on correct § 2255 form it so that it contains all the § 2255 claims petitioner believes he has, the court denies as moot petitioner's present motion to amend. If petitioner agrees with the recharacterization, petitioner shall include any such proposed amended claims he wishes to include in his § 2255 motion.

6

Case 5:08-cr-00331-FL   Document 133   Filed 07/09/15   Page 6 of 7

**CONCLUSION**

Based on foregoing, the clerk is DIRECTED to docket petitioner's February 25, 2015 motion (DE 131) as a Rule 60(b) motion for reconsideration of the court's April 21, 2014, order, as well as a motion to amend. The court GRANTS petitioner's Rule 60(b) motion for reconsideration and DENIES AS MOOT petitioner's motion to amend. The court VACATES its April 21, 2014, order. The court hereby provides petitioner with NOTICE that the court intends to recharacterize petitioner's March 20, 2014 motion as petitioner's first § 2255 motion following the court's 2013 amended judgment. If petitioner agrees to the recharacterization, petitioner shall file, within **30 days** of the date of this order, his § 2255 motion containing all the § 2255 claims petitioner believes he has, on the correct § 2255 form, as set forth in more detail herein. The clerk is DIRECTED to provide petitioner a copy of the appropriate form.

SO ORDERED, this the 9th day of July, 2015.

LOUISE W. FLANAGAN
United States District Judge