IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL-1
NO. 5:15-CV-364-FL

| | | |
|---|---|---|
| CARLTON BRONTA MAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 134), and the government's motion to dismiss (DE 137). Petitioner has responded, and in this posture the issues raised are ripe for ruling. For the following reasons, the court dismisses petitioner's first and third claims for relief, and refers the remaining claim to magistrate judge for evidentiary hearing.

**BACKGROUND**

On November 6, 2008, petitioner was charged in a five-count indictment. Count one charged crack distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts two and three charged petitioner with crack distribution in violation of 21 U.S.C. §§ 841(a)(1). Count four charged petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count five charged petitioner with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Petitioner was convicted after trial on all counts.

On January 5, 2010, the court sentenced petitioner to 240 months imprisonment for counts one, two, or three to be served concurrently; 120 months imprisonment on count four to be served

concurrently; and 60 months imprisonment on count five to be served consecutively; yielding a total term of imprisonment of 300 months. Petitioner appealed and the court of appeals affirmed on September 21, 2011.

On April 9, 2012, petitioner through court-appointed counsel filed a motion to vacate under 28 U.S.C. § 2255, raising a single claim for relief, in which petitioner sought to vacate the conviction and sentence on count four, on the basis of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and to re-sentence him on the remaining counts. In response, the government urged the court to allow the § 2255 motion, waiving defenses to vacating the conviction.

On August 2, 2012, the court allowed petitioner's § 2255 motion, vacated the judgment of conviction in count four and vacated petitioner's original sentence. The court scheduled and noticed a re-sentencing of petitioner; directed the government to ensure petitioner's timely writ, transportation, and housing for the re-sentencing hearing; and directed the probation office to investigate, prepare and publish to the appropriate parties a recalculation of petitioner's corrected advisory guideline range.

On May 3, 2013, the probation office filed a modification to presentence investigation report, noting that a previously filed enhancement under 21 U.S.C. § 851 is no longer applicable and, in consideration that the defendant will be subject to a full resentencing, the statutory penalties associated with the Fair Sentencing Act of 2010 apply. The probation office determined that the minimum guidelines range for sentencing was a total of 270 months imprisonment.

The court held a re-sentencing hearing on May 9, 2013, at which petitioner was present with counsel. The court sentenced petitioner to a term of 210 months on counts one, two, and three, to be served concurrently and a 60 month term of imprisonment on count five to be served

consecutively, for a total term of imprisonment of 270 months. The court entered its amended judgment on May 9, 2013.

Petitioner filed the instant § 2255 petition on July 29, 2015, after several initial attempts to bring such motion.[1] Petitioner asserts the following claims for relief:

1.  Ineffective assistance of counsel at resentencing in failing to raise preserved objections to the presentence report and to argue in favor of downward departure for unwarranted sentence disparity.

2.  Ineffective assistance of counsel in failing to file an appeal as requested.

3.  Sentence was imposed in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

In its motion to dismiss, the government argues that claims one and three are without merit, and the government concedes that an evidentiary hearing is required on claim two.

## DISCUSSION

### A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "An evidentiary hearing in open

---

[1]  On July 9, 2015, the court recharacterized petitioner's March 20, 2014, motion, which the court had previously construed as a successive petition, as petitioner's first § 2255 motion following the court's 2013 amended judgment.

court is required when a movant presents a colorable . . . claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." United States v. Ray, 547 F. App'x 343, 345 (4th Cir. 2013) (citing United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir.2000)).

"The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12. To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). In evaluating such a motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [pleader]," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd.v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.      Analysis

    1.      Ineffective Assistance of Counsel at Resentencing

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

4

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 690. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> "With the benefit of hindsight, rarely can it be said that trial counsel made every possible objection and raised every conceivable viable legal argument. The law, however, requires not perfect but only professionally reasonable performance of counsel." <u>Poyner v. Murray</u>, 964 F.2d 1404, 1423 (4th Cir. 1992) (citing Strickland, 466 U.S. at 669).

Petitioner argues that his counsel at resentencing was ineffective in failing to assert an objection to the drug quantity used to calculate the guidelines range and in failing to ask for variance based upon crack-to-powder disparity. Both grounds for ineffective assistance of counsel fail because petitioner has not demonstrated there is a reasonable probability that the outcome of the proceedings would have been different but for these alleged errors of counsel. Having presided over trial, original sentencing, and resentencing, the court finds that the suggested arguments for objection and variance would not have lead to a different result at resentencing.

First, with respect to failing to ask for a variance based upon crack-to-powder disparity, where the United States Sentencing Commission periodically has amended the guidelines to account for disparity between cocaine and crack cocaine base offense levels, and where 18 U.S.C. § 3582(c) provides the circumstances under which such amendments may be applied retroactively, assertion of such policy argument at resentencing here reasonably would not have changed the outcome of the proceedings.

Second, with respect to failing to re-raise the objection to drug quantity, the court has considered the substance of the objection, without restriction to any statutory minimum as imposed upon original sentence, and finds that the objection would not warrant a reduction in the guidelines imprisonment range or the ultimate sentence imposed by the court upon resentencing. As noted at original sentencing (<u>see</u> DE 134-2 at 7), the court does not find sufficient basis to discount petitioner's statement made to officers at the time of his arrest, and the court accepts such statement, in light of all the circumstances presented at trial and in the presentence report, as an accurate estimate of the drug quantity involved in petitioner's drug distribution activity.

Therefore, petitioner has failed to demonstrated there is a reasonable probability that the outcome of the re-sentencing proceedings would have been different but for these alleged errors of counsel. Accordingly, petitioner's claim for ineffective assistance of counsel at re-sentencing must be dismissed.

2. Ineffective Assistance of Counsel Regarding Notice of Appeal

Petitioner claims that his counsel was ineffective by failing to file a notice of appeal when requested by him to do so. The government concedes that an evidentiary hearing is required on this claim in light of the allegations made.

"[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." <u>United States v. Poindexter</u>, 492 F.3d 263, 268 (4th Cir. 2007) (quoting <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000)). Further, "[o]nce [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so," and if not such appeal was filed, "his attorney acted in a professionally unreasonable manner." <u>Id.</u>

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273. "If his attorney was so instructed, [the defendant] is to be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [the defendant] met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

In his brief and affidavit, petitioner describes in detail a conversation he had with counsel at which he "requested an appeal if the Court sentenced him over . . . 120 months." (DE 134-1 at 8; DE 134-2 at 29). These factual allegations are sufficient to raise petitioner's claim for relief above the speculative level, and to make it "unclear in the record whether the attorney was so instructed." Poindexter, 492 F.3d at 272. Therefore, an evidentiary hearing is required "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273.

Accordingly, the court will refer the matter to a magistrate judge to conduct the evidentiary hearing and to make findings of fact and proposed conclusions of law regarding the merit of this claim. Because the court has determined that an evidentiary hearing is warranted, the court "must appoint an attorney to represent" petitioner, under 18 U.S.C. § 3006A, at the evidentiary hearing. Rule 8(c) of the Rules Governing § 2255 Proceedings. Accordingly, the court will direct the Federal Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary hearing. Further, because of the nature of the ineffective assistance of counsel inquiry

at this time, petitioner's presence is required at this evidentiary hearing. See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Accordingly, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, will need to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

3.      Claim based upon Booker and Apprendi

Petitioner claims the court erred by resentencing him based upon a drug quantity not found by the jury and proved beyond a reasonable doubt, in violation of Booker and Apprendi v. New Jersey, 530 U.S. 466 (2000). The court, however, made judicial findings of drug quantity for purposes of establishing petitioner's advisory guideline range. Such judicial findings did not alter petitioner's mandatory minimum statutory penalty, which was established by the offense of which petitioner was convicted at trial. It is well-established that the court may determine drug quantity for purposes of sentencing guidelines calculation without regard to findings by the jury at trial or the extent of evidence presented at trial. See United States v. Perry, 560 F.3d 246, 258-59 (4th Cir. 2009). Accordingly, petitioner's claim based upon Booker and Apprendi must be dismissed.

## CONCLUSION

Based on foregoing, the government's motion to dismiss is GRANTED IN PART and DENIED IN PART. Petitioner's first and third claims for relief are DISMISSED. Petitioner's second claim for ineffective assistance of counsel in failing to notice appeal shall proceed to evidentiary hearing. The court DIRECTS the clerk to refer the matter to United States Magistrate Judge Robert T. Numbers, II, to schedule and conduct an evidentiary hearing on petitioner's second claim for ineffective assistance of counsel in failing to notice appeal, in accordance with the foregoing. The court DIRECTS the Federal Public Defender to oversee appointment of counsel for

8

purposes of representing petitioner at the evidentiary hearing. Where petitioner's presence is required at hearing, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, is DIRECTED to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

SO ORDERED, this the 17th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge