IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-00331-FL-1

**Carlton Bronta May**,

          Petitioner,

v.

**United States of America**,

          Respondent.

**Memorandum & Recommendation**

This case comes before the court on petitioner Carlton Bronta May's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("petition" or "§ 2255 petition"). D.E. 134. The Government filed a motion to dismiss the petition. D.E. 137. By Order entered December 17, 2015, Judge Louise W. Flanagan granted the motion to dismiss in part. D.E. 141. Judge Flanagan referred the sole remaining claim, whether trial counsel failed to file an appeal at May's request, to the undersigned for an evidentiary hearing and the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2255 Proceedings. D.E. 141. The undersigned held an evidentiary hearing on February 4, 2016. For the following reasons, the undersigned recommends that the Government's motion to dismiss be granted as to the remaining claim.

**I.    Background**

    **A.    Proceedings through Sentencing**

On November 6, 2009, a federal grand jury charged May in a five count indictment with narcotics and firearms offenses.[1] D.E. 6. Wayne J. Payne, Esquire appeared on May's behalf on

---

[1] Count One charged May with conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846;

November 13, 2008. D.E. 12. In September 2009, after a three day trial, a jury returned a verdict finding May guilty on all counts. D.E. 69.

On January 5, 2010, Judge Flanagan sentenced May to 240 months imprisonment on Counts I, II, and III, and 120 months imprisonment on Count IV, all to run concurrently. *See* D.E. 82. The judge also imposed a 60 month term of imprisonment for Count V, which was to run consecutively to his other sentences. *See id*. Payne filed a direct appeal on May's behalf to the Fourth Circuit, which affirmed May's conviction and sentence. D.E. 83, 103.

Payne thereafter filed a motion pursuant to 28 U.S.C. § 2255, which resulted in May's sentence being vacated as to Count IV, being a felon in possession of a firearm, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). D.E. 106, 111. After allowing May's § 2255 motion, Judge Flanagan resentenced May on May 9, 2013. Under the advisory sentencing guidelines, May faced a term of imprisonment of 210 to 262 months on Count I and 210 to 240 months on Counts II and III. D.E. 116. Additionally, Count V carried with it a statutorily mandated sentence of 60 months imprisonment, which was required to run consecutively to any other sentence imposed. *Id.* The amended judgment imposed the following sentence: 210 months imprisonment on Counts I, II, and III, to run concurrently; and 60 months on Count V, to run consecutively to the other sentence. D.E. 120.

---

Counts Two and Three charged May with possession with the intent to distribute five (5) grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); Count Four charged May with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and Count Five charged May with use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

2

B.  **May's § 2255 Petition**

May filed the instant § 2255 petition on March 20, 2014.[2] D.E. 134. The sole remaining issue[3] is whether Payne provided constitutionally inadequate representation by failing to file a notice of appeal, per May's request, following resentencing. *Id.* The undersigned held an evidentiary hearing on February 4, 2016, at which both May and Payne testified.

## II.  Legal Standards

A.  **28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a prisoner may seek to correct or vacate his sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL & 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

---

[2] By Order dated July 9, 2015, the court recharacterized May's Motion for a Certificate of Appealability as his first § 2255 petition following his resentencing. D.E. 133.

[3] In her December 17, 2015 Order, Judge Flanagan granted the Government's motion to dismiss the two other claims raised in May's § 2255 motion. D.E. 141.

3

B.  **Ineffective Assistance of Counsel**

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id*

The *Strickland* test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (an attorney's failure to file a notice of appeal despite explicit instructions to do so constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits). "[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*.

In some cases, there is no explicit instruction to file a notice of appeal. The Supreme Court has also interpreted the Sixth Amendment to require, in certain circumstances, that an attorney must consult with her client about an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In *Flores-Ortega*, the Supreme Court held that:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),

4

or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. The Court further emphasized that it "employ[ed] the term 'consult' to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478.

If counsel had a duty to consult with his client, but did not do so, the court must then ask whether the failure to consult itself constitutes deficient performance. *Id.* at 478 (noting that counsel is not always constitutionally ineffective for failing to consult regarding an appeal). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Unless a defendant establishes this critical requirement, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief. *Id.* (citation omitted). The showing required is not actual prejudice, but presumptive prejudice, with no further showing from the defendant of the merits of his underlying claims. *Id.* Thus, when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. *Id.*

### C. Determining Credibility

In assessing the credibility of witnesses, trial courts consider "variations in demeanor and tone of voice." *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985). In addition, "[d]ocuments or objective evidence may contradict the witness' story; or the story itself may be so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Id.*; *see also United States v. Marcavage*, 609 F.3d 264, 281 (3rd Cir. 2010) (applying factors in *Anderson* in holding that trial court's crediting of the government's evidence was error

5

on the grounds that "[t]here are simply too many inconsistencies and gaps in the testimony of the government's witnesses, not to mention substantial contradictions between that testimony and other evidence in the record"). Additional considerations can include the witness's motive to lie and the level of detail in the witness's statements. *See, e.g., United States v. Wilson*, 624 F.3d 640, 665 (4th Cir. 2010).

**III.    Hearing Testimony**

Following his jury trial and conviction for various drug offenses, May was sentenced to total term of 300 months incarceration. Feb. 4, 2016 Hr. Tr at 7:12–20, D.E. 153. Payne, who represented May at trial, filed an appeal of the conviction and sentence, which was unsuccessful. *Id.* at 7:24–8:4. Payne thereafter filed a petition pursuant to 28 U.S.C. § 2255 on May's behalf. *Id.* at 8:7-10. The motion sought a reduction in sentence as a result of a change in the law as to how prior convictions could be used. *Id.* at 8:14–16. The court granted the motion and, as a result, the court resentenced May to 270 months incarceration on May 9, 2013. *Id.* at 8:18–24.

May testified that on the day of his resentencing hearing, he spoke with Payne at the courthouse. *Id.* at 9:13–17. May stated that he and Payne spoke right before resentencing for five to six minutes. *Id.* at 11:5–9. May stated that they spoke about the sentence he may receive. *Id.* at 10:1–5. May stated that he asked Payne if he was going to get ten years off his previous sentence for possession of a firearm by a felon, but that Payne informed him that he would still receive a five year sentence on Count V, possession of a firearm in furtherance of a drug trafficking crime. *Id.* at 12:6–21. May stated that he informed Payne he would want to appeal if he was sentenced to over ten years in prison. *Id.* at 12:24–25.

May testified that he did not have any other conversations with Payne about an appeal. *Id.* at 13:9–11. He further stated that Payne did not offer his opinion about whether an appeal

6

was a good idea. *Id.* at 13:12–14. May also testified that Payne did not say anything to indicate that he would or would not file an appeal on May's behalf. *Id.* at 12:15–17.

May also testified that, at the resentencing hearing, Judge Flanagan advised him of his appeal deadline. *Id.* at 15:12–14. He stated that he was informed that he had 14 days to file a notice of appeal. *Id.* at 15:15–17. May affirmed that Judge Flanagan also informed him that the Clerk's Office would assist with the paperwork if needed. *Id.* at 29:15–20. May did not file a notice on appeal on his own behalf. *Id.* at 15:18–19. May also stated that he did not contact Payne in the 14-day period because he had no money in jail and had no way to communicate. *Id.* at 15:23–16:3.

May stated that after resentencing, he did not have an opportunity to speak with Payne again, and Payne did not visit him in lock-up or send him any correspondence. *Id.* at 14:19–25. May wrote to Payne three times. *Id.* at 15:1-4. In the first letter, written in July 2013, May asked Payne about the drug quantity for which he was held accountable and whether something could be done. *Id.* at 17:7–16. Payne responded with a letter stating that he did not handle such motions and that if May wished to file anything, he should act before his time to do so expired. *Id.* at 17:20–22.

May did not inquire as to the status of an appeal in his July 2013 letter. *Id.* at 17:23–25. May further testified that he did not ask Payne about the status of an appeal in any of his three letters because, May claimed, he had told Payne prior to sentencing that he wanted to appeal. *Id.* at 18:1–8. May also testified that he did not instruct Payne to file an appeal after his original sentencing but that Payne did file the appeal in that instance. *Id.* at 18:19–24, 19:5–7. With respect to his resentencing, May stated that he wished to appeal the drug quantity attributed to him as well as the verdict form. *Id.* at 19:17–24.

7

On cross-examination, May reiterated that he did not mention an appeal in his correspondence to Payne. *Id*. at 20:11–14. This conflicted with his sworn affidavit that stated May wrote to Payne and asked him about filing a motion or appeal on his behalf. *Id*. at 21:6–9; D.E. 146-1 at 3. May's affidavit also stated that Payne responded that he would not file anything on May's behalf because of timeliness issues and that May would need to file it himself. *Id*. at 21:25–22:2; D.E. 146-1 at 3. May received this response from Payne about a week after he sent his letter in July 2013. *Id.* at 22:17–25.

May also testified that his March 2014 motion for reconsideration raised several issues but did not challenge his attorney's failure to file an appeal. *Id*. at 24:11–13; 25:6–9. May testified that he failed to include this allegation in the motion because he ran out of time. *Id*. at 25:10–13. In September 2014, May wrote to the court requesting transcripts and new sentencing guidelines. *Id.* at 26:5–10. May acknowledged that this filing did not state anything about Payne's failure to file an appeal. *Id*. at 26:11–13. May also conceded that he did not raise the claim that Payne failed to file an appeal until February 2015. *Id*. at 26:20–25.

May's affidavit also states that he did not file a notice of appeal on his own behalf because he had not been told of the correct procedure to follow. *Id*. at 27:16–18; D.E. 146-1 at 4. He admitted, however, that at resentencing, Judge Flanagan informed him that he had 14 days to file an appeal. *Id*. at 28:1–4. May also affirmed that Judge Flanagan that if he could not afford the cost of an appeal, he could apply for permission to appeal for free and that the court would prepare and file the appeal paperwork for him. *Id.* at 29:15–20. May also testified that when Judge Flanagan asked him if he had any questions about his appellate right, he said no. *Id*. at 29:21–30:1. Finally, May testified that he told Judge Flanagan that he understood his appellate rights. *Id*. at 30:7–8.

Payne also testified at the evidentiary hearing. Payne stated that he has been a licensed attorney since 1984 and that he has represented several hundred clients in both state and federal court in his criminal practice. *Id*. at 34:8–23. Payne represented May at his trial and on appeal. *Id*. at 34:24–35:3. Payne also filed an motion pursuant to *Simmons* on May's behalf. *Id*. at 36:1–5. The motion resulted in May's resentencing, which brought about a 30 month reduction in his sentence. *Id*. at 36:13–15.

Payne testified that he met with May the morning of the resentencing hearing and talked with him for 15 to 20 minutes. *Id*. at 36:25–37:6. Payne told May that he did not see any basis for an appeal, particularly if he were sentenced at the lower end of the guideline range. *Id*. at 37:13–17. Payne said that he informed May that he had an ethical obligation not to pursue a frivolous claim but that if May told him to file a notice of appeal, he would. *Id*. at 37:18–20. Payne made sure May understood that he would not file a notice of appeal unless May told him to do so. *Id*. at 37:21–22. Payne also made sure that May understood that he did not see any rational basis for an appeal if Judge Flanagan sentenced him to the lower end of the guideline range. *Id*. at 37:22-24. Payne believed that there were no legitimate grounds for an appeal given May's sentence at the lower end of the guidelines. *Id*. at 42:1-3. Payne noted that May had exhausted his appellate rights on other issues, that he was being resentenced under *Simmons*, and that there were no objections to be litigated. *Id.* at 42:3–7.

When they parted, May had not told Payne to file an appeal. *Id*. at 37:25–38:2. After resentencing, May shook Payne's hand and thanked him. *Id*. at 38:23–39:1. Payne stated that May did not appear distressed or angry after the resentencing. *Id*. at 39:2–8. Payne reiterated that May did not instruct him to file a notice of appeal. *Id.* at 42:10–11.

Payne kept a file which included all the correspondence between him and May. *Id.* at 39: 11–19. Payne stated that he memorialized his meeting with May prior to resentencing with a note in his file stating "conference with client." *Id.* at 44:13–19. Had May told Payne to file a notice of appeal, Payne stated he would have made a notation remarking: "file notice of appeal." *Id*. at 44:19–20.

Payne denied that May told him he was expecting a 10 year sentence on the drug counts or that he was expecting the § 924(c) count to be dismissed. *Id*. at 45:15–22. Payne also denied that May told him he would want to appeal if he sentence was over 10 years. *Id.* at 45:23–46:1. Had May made such statements, Payne would have noted that in the file and followed-up with May. *Id*. at 46:6–7. In the letters sent to Payne after resentencing, May never asked Payne about an appeal. *Id*. at 40:10–14.

## IV. Analysis

The court finds that May has failed to show by a preponderance of the evidence that he instructed Payne to file an appeal. Instead, the credible evidence establishes that during Payne's discussion with May prior the resentencing hearing and in his subsequent correspondence to him after resentencing, May did not instruct Payne to file an appeal on his behalf or inquire as to the status of an appeal. May's ineffective assistance of counsel claim accordingly fails on this ground. The court also finds that May has not established that Payne had a duty to consult with him regarding an appeal and or that he was prejudiced by a lack of consultation. Thus, May's ineffective assistance of counsel also fails on this basis.

### A. No Explicit Instruction to File Notice of Appeal

The undersigned is persuaded by Payne's testimony of the material factual issues and finds him to be credible. First, Payne's testimony was matter-of-fact, not adversarial, in tone.

10

His credibility is further supported because of his substantial experience as a criminal defense attorney. He has been representing defendants in state and federal criminal cases for over 30 years.

Payne stated that he met with May prior to sentencing and they discussed an appeal. Payne conveyed to May that he believed there were no grounds to appeal if Judge Flanagan sentenced him at the lower end of the guideline range, which she did. Payne also stated that May did not instruct him to file an appeal directly or that an appeal was contingent upon the sentence imposed.

On the disputed issue of whether May asked or directed Payne to file an appeal, Payne unequivocally testified that May did not. D.E. 153 at 37:25–38:2. He further testified that May did not appear distressed after sentencing and thanked Payne. *Id.* at 38:23–39:8. There is no evidence that Payne had any motive to refuse any request by May to file an appeal. Payne had previously filed a direct appeal and a § 2255 motion on May's behalf. Additionally, Payne testified that had May requested he file a notice of appeal, he would have made a notation to do so. *Id.* at 44:19–20. Payne also informed May that if he instructed him to file a notice of appeal, he would do so. *Id.* at 37:18–21. The court finds all this testimony by Payne regarding whether May asked or directed him to appeal credible.

May's testimony was less persuasive. His sworn affidavit indicates that he did not file an appeal on his own behalf because he was not certain of the correct procedure to follow and he had not been told what to do. D.E. 146-1 at 4. Although he testified that he did not know the process for filing a direct appeal of his conviction and sentence, he conceded that Judge Flanagan had instructed him how to do so during the resentencing hearing. *Id.* at 28:1–4, 29:15–20. He

11

also admitted that Judge Flanagan told him that the Clerk's Office could prepare and file the appeal paperwork for him. *Id.* at 29:15–20.

Additionally, following his resentencing, May sent correspondence to Payne on three occasions, but he never inquired about any appeal in any of these exchanges. The court notes that if May had, in fact, instructed Payne to file an appeal, it is reasonable to expect that May would have followed up on the appeal, for example, to confirm that it had been filed, find out what was going on in the appeal, and learn what status of the appeal was. Although May contacted Payne, he admits he did not make any such inquiry. *Id.* at 20:11–14. This testimony, too, conflicts with statements contained in his sworn affidavit. D.E. 146-1 at 4.

Furthermore, May failed to include the allegation that Payne failed to file a notice of appeal on his behalf, as directed, when May filed the present motion in this court, claiming he ran out of time. May also did not raise this issue in a subsequent submission to the court several months later. In fact, May raised this issue of ineffective assistance of counsel for the first time some 11 months after filing the motion. Because May has failed to meet his burden of establishing that he explicitly instructed Payne to file a notice of appeal on his behalf, his ineffective assistance of counsel claim should be denied.

### B. Duty to Consult and Prejudice[4]

As noted above, under certain circumstances an attorney has a constitutional duty to consult with his client regarding an appeal. *Flores-Ortega*, 528 U.S. at 478; *United States v. Witherspoon*, 231 F.3d 923 (4th Cir. 2000). Courts have interpreted *Flores-Ortega* to indicate that such a consultation should occur after sentencing. *Miller v. United States*, 150 F. Supp. 2d

---

[4] The referral order addressed the issue of whether the defendant requested counsel to file a notice of appeal. Although not raised initially, the issue of whether counsel had a duty to consult with the defendant and, if so, whether the defendant was prejudiced as a result has since been raised and will be addressed.

12

871, 880 (E.D.N.C. 2001). Both Payne and May testified that a post-sentencing consultation did not occur. Nonetheless, the court finds that a duty of consultation was not incumbent upon Payne, either because a rational defendant would want to appeal or because this particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 479–80.

Court look to the totality of circumstances in determining whether a rational defendant would have wanted to appeal. *Id.* at 480. A relevant factor in this inquiry includes whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. *Id.* Additionally, the sentence imposed may also be relevant in determining whether a rational defendant would have wanted to appeal. *See United States v. Matthews*, 384 F. App'x 241 (4th Cir. 2010) (recognizing that a defendant who received a sentence below the bottom of the guideline range supported a conclusion that a rational defendant would not have wanted to appeal).

Here, although the conviction followed a trial, not a guilty plea, the evidence supports a finding that a rational defendant would not have wanted to appeal. May's present claim stems from resentencing, which itself resulted from counsel's successful § 2255 petition filed on May's behalf. Moreover, counsel had previously filed a direct appeal of May's conviction and sentence wherein he raised several grounds but was unsuccessful. Additionally, May received a sentence at the lowest end of the advisory guideline range. The sentence imposed reflected a 30 month reduction in his previously-imposed term of incarceration. No objections were made to the amended PSR and there were no contested issues at resentencing. Considering all of the relevant

13

factors, the court concludes that a rational defendant in May's position would not have wanted an appeal.

The evidence also does not establish that this particular defendant reasonably demonstrated to counsel that he wanted to appeal. At the hearing, Payne testified that an appeal would be frivolous given that May had exhausted all issues. D.E. 153 at 42:3–7. May did not challenge this assertion. May acknowledged that he did not attempt to contact Payne in the days following the resentencing hearing. D.E. 153 at 15:23–16:1. Moreover, as noted above, Payne's testimony that May did not instruct him to file a notice of appeal is credible. Payne stated that he advised May that there were no meritorious grounds for an appeal but that he would file one if May so directed. D.E. 145 at 1–2; D.E. 153 at 37:18–20. May acknowledged that he did not mention an appeal in his correspondence to Payne in the months following his resentencing. D.E. 153 at 20:11–14. Given that Payne told May that there were no meritorious grounds to appeal and that May did not direct Payne to file an appeal, May has not established that there were sufficient indicia of a desire to appeal such that Payne would know that May wanted to appeal. Accordingly, the evidence does not show that Payne failed to consult as required under *Flores-Ortega.*

Nonetheless, even assuming that a duty to consult arises in these circumstances, May has not been prejudiced by Payne's lack of consultation. "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal" are two relevant factors in this inquiry. *Flores-Ortega*, 528 U.S. at 485. Neither of those factors are present here.

Moreover, at the resentencing hearing, Judge Flanagan advised May of his right to appeal, his timeframe to file a timely appeal, and that the Clerk's Office could assist him with the

14

filing of an appeal. D.E. 153 at 28:1–4; 29:15–20. As noted above, May affirmed that he understood his appellate rights. *Id*. at 29:21–30:1; 30:7–8. Fully knowledgeable of his appellate rights, May cannot demonstrate that any failure to consult on Payne's part deprived him of anything. *See Peguero v. United States*, 526 U.S. 23 (1999) (defendant not prejudiced by court's failure to advise him of his appeal rights, where he had full knowledge of his right to appeal and chose not to do so). Thus, May has cannot establish that, but for Payne's failure to consult with him about an appeal, he would have timely appealed.

The cases May cites in support of his argument that he is entitled to relief are distinguishable. In *Unites States v. Witherspoon*, the Fourth Circuit addressed an ineffective assistance of counsel claim regarding a failure to file a notice of appeal. 231 F.3d 923 (4th Cir. 2000). There, petitioner expressed a desire to appeal if his objections to the PSR were overruled. *Id.* at 925. Without deciding if the petitioner's statement constituted an instruction to appeal, the Fourth Circuit held that counsel was deficient in failing to consult with petitioner regarding an appeal. *Id.* at 926–27. However, *Witherspoon* is distinguishable from the present case because it concerned whether an evidentiary hearing was required on the ineffective assistance of counsel claim given the conflicting evidence as to whether the petitioner expressed his intent to appeal. *Id*. at 927. Because the facts did not clearly demonstrate that petitioner was not entitled to relief, the Court of Appeals concluded that an evidentiary hearing was required. *Id*. Here, in contrast, an evidentiary hearing was held. As noted above, the court has made findings of fact that May did not express a conditional desire to appeal which would give rise to a duty to consult.

Additionally, citing *United States v. Cooper*, May recognizes that Payne may not have had a duty to consult if May had not expressed an interest in appealing. 617 F.3d 307, 314 (4th Cir. 2010); D.E. 155 at 6. However, Payne testified that May did not expressly or conditionally

15

indicate a desire to appeal, and the court has found Payne's testimony credible. Accordingly, *Cooper* does not support May's position.

For the foregoing reasons, the court concludes that May did not request Payne to file an appeal on his behalf. May has therefore failed to show that in not filing an appeal Payne contravened any instructions that May had given him. The court further concludes that Payne did not have a duty to consult May regarding an appeal and that any failure to consult was prejudicial to May. May's claim of ineffective assistance of counsel based on the alleged failure to file an appeal as instructed should therefore be dismissed.

## V. Conclusion

For the foregoing reasons, the undersigned recommends that the government's motion (D.E. 137) to dismiss petitioner's claim of ineffective assistance of counsel for failure to file an appeal be granted and that this claim be dismissed.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

16

Case 5:08-cr-00331-FL   Document 160   Filed 07/11/16   Page 16 of 17

If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Owen v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: July 11, 2016.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE