IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL-1
NO. 5:12-CV-438-FL

| | |
|---|---|
| CARLTON BRONTA MAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 134), and the government's motion to dismiss (DE 137). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 160), following evidentiary hearing, wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion as to petitioner's remaining claims. Petitioner filed objections to the M&R, and the government responded. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, denies petitioner's 2255 motion, and grants respondent's motion.

**BACKGROUND**

Petitioner was convicted following a jury trial in September 2009 on five drug and firearms offenses in September: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution of five

grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The court sentenced petitioner on January 5, 2010, to a total term of imprisonment of 300 months. Petitioner appealed and the court of appeals affirmed his conviction and sentence. U.S. v. May, 446 Fed.Appx. 652, 653 (4th Cir. 2011).

In April 2012, petitioner moved to vacate his sentence under § 2255 on the basis that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), rendered invalid his conviction for felon in possession of firearm. On February 14, 2013, the court vacated petitioner's judgment and sentence and noticed a resentencing hearing. The probation office published a modification to presentence report on May 3, 2013, and the court held resentencing hearing on May 9, 2013. At resentencing, the court sentenced petitioner to a total term of imprisonment of 270 months. Petitioner did not appeal.

On July 29, 2015, petitioner filed the instant § 2255 motion asserting the following claims for relief:

1. Ineffective assistance of counsel at resentencing in failing to raise preserved objections to the presentence report and to argue in favor of downward departure for unwarranted sentence disparity.

2. Ineffective assistance of counsel in failing to file an appeal as requested.

3. Sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

In its motion to dismiss, the government argued that claims one and three are without merit, and the government conceded that an evidentiary hearing was required on claim two.

The court dismissed petitioner's first and third claims on December 17, 2015, and referred petitioner's second claim for evidentiary hearing before the magistrate judge. The magistrate judge held evidentiary hearing on February 4, 2016, and entered M&R recommending denial of petitioner's second claim on the merits, on July 11, 2016.

In the meantime, on May 26, 2016, the court reduced petitioner's sentence due to sentencing guidelines amendments, to a total term of imprisonment of 228 months.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

B.  Analysis

Petitioner objects to the magistrate judge's evaluation of petitioner's claims that (1) trial counsel failed to file an appeal when requested to do so, and (2) trial counsel failed to consult effectively with petitioner about an appeal.

"[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). Further, "[o]nce [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney [is] under an obligation to do so," and if no such appeal was filed, "his attorney acted in a professionally unreasonable manner." Id.

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273. "If his attorney was so instructed, [the defendant] is to be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [the defendant] met his burden of showing that: (1) his attorney had a duty to consult

4

under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

In this case, the magistrate judge determined, based upon the record and evidence presented at evidentiary hearing, that petitioner did not unequivocally instruct his attorney to file an appeal. The magistrate judge found credible the testimony by resentencing counsel, Wayne Payne ("Payne"), that petitioner did not instruct him to file an appeal either before or after the resentencing hearing. (See M&R at 10-11). This finding was supported by substantial evidence in the record, including Payne's experience, Payne's file notations, and petitioner's actions following the resentencing hearing. (See, e.g., id.; DE 153 at 37-40, 44-46). Upon de novo review, the court agrees with the magistrate judge's credibility determination.

Petitioner objects to the magistrate judge's credibility determination on the basis that the magistrate judge did not resolve conflicts in the testimony between Payne and petitioner regarding petitioner's directions to counsel prior to sentencing. Specifically, petitioner notes that he told Payne prior to resentencing "I'm going to want to appeal if I get over ten years." (DE 153 at 12, 19). The magistrate judge, however, described in detail petitioner's hearing testimony, including the specific testimony noted in petitioner's objection, as well as Payne's testimony to the contrary. (M&R at 6-10). Following that description, the magistrate judge pronounced that "the credible evidence establishes that during Payne's discussion with [petitioner] prior [to] the resentencing hearing . . . [petitioner] did not instruct Payne to file an appeal." (Id. at 10). The magistrate judge then set forth reasons for finding Payne's testimony credible and petitioner's testimony "less persuasive." (Id. at 11).

5

The magistrate judge thus sufficiently explained, based upon the entire record, the basis for his credibility determination. The court adopts and incorporates herein the discussion in the M&R on this issue. The court writes separately to emphasize that Payne's testimony regarding the contents of their discussion prior to the resentencing hearing is more credible due to the detail of his testimony and its consistency with the other facts in the record. Counsel testified, in particular:

> The only matter that relates to his current 2255 was that he said, "What do you think about an appeal?" And I told him that based upon what Simmons had decided and what Judge Flanagan was going to do, that I did not see any basis for an appeal and that, particularly if she sentenced him at the bottom of the guideline range, which at that point was 210 months. And so I further told him, "Now I have an ethical obligation not to pursue a frivolous claim. However, if you tell me to file a notice of appeal, I will do that for you. But I won't do that unless you tell me to do that." And, and I made sure he understood that. I made sure that he understood that if, if Judge Flanagan sentenced him to 2, 210, I didn't see any other rational basis for, for an appeal. And so when we parted, after that, he had still not told me to file the appeal. And so that's where, that's where we left it.

(DE 153 at 37-38). This testimony is consistent with the fact that after resentencing in the amount predicted, petitioner did not indicate an interest in appealing orally or in writing, and petitioner did not appear distressed or angry. (Id. at 38-40).

Petitioner now suggests it is significant that Payne did not testify that petitioner "concurred with his analysis," or that petitioner "told him he did not want to appeal." (DE 161 at 2) (emphasis added). But, testimony to such extent is not necessary for the court to reach a conclusion as to the ultimate issue whether petitioner "unequivocally instructed his attorney to file a timely notice of appeal." Poindexter, 492 F.3d at 268. On the record before the court, petitioner has failed to meet his burden of establishing such claim.

The remaining inquiry is whether petitioner demonstrated trial counsel failed to consult properly with petitioner about an appeal. See Poindexter, 492 F.3d at 273. "[C]ounsel has a

6

constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480.

In this case, there is first no reason to think that a rational defendant would want to appeal, in light of the circumstances presented to counsel following resentencing. Petitioner had already unsuccessfully appealed his initial conviction and sentence, and the resentencing resulted in a sentence at the bottom of the guidelines range with no objections raised to the range. Thus, there were no nonfrivolous grounds for appeal. Second, petitioner did not reasonably demonstrate to counsel that he was interested in appealing. In accordance with Payne's testimony, which the court finds credible, Payne had already consulted petitioner about an appeal prior to the resentencing, and circumstances had not changed to lead Payne to believe that petitioner was interested in appealing. (DE 153 at 38-39).

In sum, for the reasons stated herein and in the M&R, petitioner has failed to establish by a preponderance of the evidence that (1) he unequivocally instructed counsel to file an appeal, or that (2) counsel failed to consult properly with petitioner regarding an appeal. Accordingly, the court denies petitioner's claim. In conjunction with the court's prior order, dismissing petitioner's first and third claims for relief, all of petitioner's § 2255 claims now are dismissed or denied. Accordingly the court proceeds to address a certificate of appealability.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable

7

jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge. The government's motion to dismiss (DE 137) is GRANTED. Petitioner's motion to vacate, set aside, or correct his sentence (DE 134) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of October, 2016.

LOUISE W. FLANAGAN
United States District Judge