IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-FL-1
NO. 5:12-CV-438-FL

| | | |
|---|---|---|
| CARLTON BRONTA MAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(6) (DE 172). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court dismisses petitioner's motion.

## BACKGROUND

For ease of reference, a pertinent portion of the background of the case as set forth in the court's October 19, 2016 order is restated here:

> Petitioner was convicted following a jury trial in September 2009 on five drug and firearms offenses in September: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The court sentenced petitioner on January 5, 2010, to a total term of imprisonment of 300 months. Petitioner appealed and the court of appeals affirmed his conviction and sentence. U.S. v. May, 446 Fed. Appx. 652, 653 (4th Cir. 2011).
>
> In April 2012, petitioner moved to vacate his sentence under 28 U.S.C. § 2255 on the basis that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), rendered invalid

his conviction for felon in possession of firearm. On February 14, 2013, the court vacated petitioner's judgment and sentence and noticed a resentencing hearing. The probation office published a modification to presentence report on May 3, 2013, and the court held resentencing hearing on May 9, 2013. At resentencing, the court sentenced petitioner to a total term of imprisonment of 270 months. Petitioner did not appeal.

On July 29, 2015, petitioner filed a § 2255 motion asserting in part a claim for ineffective assistance of counsel in failing to file a direct appeal as requested of the court's May 9, 2013 judgment. This claim was referred to the magistrate judge for evidentiary hearing held on February 4, 2016. On July 11, 2016, the magistrate judge entered a memorandum and recommendation ("M&R"), recommending denial of petitioner's claim on the merits. On October 19, 2016, the court adopted the recommendations of the magistrate judge as found in the M&R and denied petitioner's motion to vacate.

On September 28, 2017, petitioner filed the instant motion for relief from judgment pursuant to Rule 60(b)(6), arguing that if his counsel had filed a direct appeal, certain arguments regarding petitioner's Presentence Investigation Report could have been raised. (DE 172 at 4).

The court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Petitioner's motion attacks the denial of his ineffective assistance of counsel claim for failure to file a direct appeal; thus, petitioner's motion is second or successive petitions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. July 13, 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition.") (internal quotation omitted). Such a petition may not be brought prior to receiving certification from the United States Court of

Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claim must be dismissed.

**CONCLUSION**

Based on the foregoing, petitioner's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(6) (DE 172) is DISMISSED.

SO ORDERED, this the 26th day of January, 2018.

LOUISE W. FLANAGAN
United States District Judge