IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-331-1FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CARLTON BRONTA MAY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions to appoint counsel, (DE 194), for compassionate release, (DE 193), and for reduction of sentence pursuant to the First Step Act of 2018, (DE 192). The government did not respond to the motions and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

In September 2009, a federal jury convicted defendant of the following: 1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846; 2) distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); 3) possession with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1); 4) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); and 5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 5, 2010, the court sentenced defendant to 300 months' imprisonment.

In April 2012, defendant moved to vacate his sentence under 28 U.S.C. § 2255 on the basis that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) rendered invalid his conviction for

being a felon in possession of a firearm. On February 14, 2013, the court vacated defendant's judgment and sentence and noticed a resentencing hearing. At resentencing, the court sentenced defendant to 270 months' imprisonment.

On January 7, 2019, defendant filed motion for reduction of sentence pursuant to the First Step Act of 2018. The court appointed counsel pursuant to Standing Order 19-SO-3, but counsel subsequently withdrew from representation. Defendant voluntarily withdrew the motion on August 5, 2019.

On August 9, 2019, defendant filed the instant pro se renewed motion for sentence reduction under the First Step Act. Defendant contends he is entitled to a sentence reduction under section 404(b) of the First Step Act, which permits the court to impose a reduce sentence for certain defendants convicted of distributing cocaine base.

On April 20, 2020, defendant filed the instant motion for compassionate release, arguing the court should reduce his sentence based on defendant's risk of contracting the communicable disease known as COVID-19. Defendant states that he is "pre-diabetic" and that he is generally at greater risk of suffering complications if he contracts the virus. Finally, defendant filed the instant motion to appoint counsel on April 30, 2020, seeking appointment of counsel to assist him with his request for compassionate release. As noted, the government did not respond to the instant motions.

## DISCUSSION

A. First Step Act Motion

The First Step Act of 2018 ("First Step Act") makes certain provisions of the Fair Sentencing Act of 2010 retroactively applicable to defendants sentenced prior to its enactment.

2

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for [certain offenses involving cocaine base] may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). The court, however, shall not entertain a First Step Act motion "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." Id. § 404(c).

Here, defendant was resentenced in 2013 in accordance with the revised statutory penalties and related Guidelines amendments enacted pursuant to the Fair Sentencing Act of 2010. Accordingly, defendant is ineligible for a sentence reduction under the First Step Act. See id.

B.   Compassionate Release and Motion to Appoint Counsel

Defendant requests appointment of counsel to assist him with his request for compassionate release. There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Here, defendant has not established the interests of justice require appointment of counsel.

The court now turns to defendant's motion for compassionate release. With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Defendant has not demonstrated that he exhausted administrative remedies prior to filing the instant motion. Indeed, the motion fails to even mention the administrative exhaustion requirement.

Defendant additionally fails to establish extraordinary and compelling reasons for a reduced sentence. The presence of COVID-19 in the federal prison system standing alone does not justify compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And defendant fails to establish that he is particularly susceptible to complications arising from the virus. Furthermore, the Federal Bureau of Prisons is better positioned to determine in the first

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

4

instance whether defendant's medical conditions justify compassionate release, home confinement, or similar relief.

## CONCLUSION

Based upon the foregoing, the court DENIES defendant's motion to appoint counsel, (DE 194), DENIES WITHOUT PREJUDICE defendant's motion for compassionate release, (DE 193), and DISMISSES WITHOUT PREJUDICE defendant's motion for reduction of sentence, (DE 192).

SO ORDERED, this the 14th day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge