UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Carlton Bronta May** **Docket No. 5:08-CR-331-1FL**

**Petition for Action on Supervised Release**

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Carlton Bronta May, who was found guilty of Count 1, Conspiracy to Distribute and Possess With the Intent to Distribute 50 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), Count 2, Distribute 5 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), Count 3, Possession With the Intent to Distribute 5 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), Count 4, Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924, and Count 5, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on January 5, 2010, to the custody of the Bureau of Prisons for a term of 240 months in each of Counts 1, 2, and 3 to be served concurrently. A term of 120 months on Count 4 to run concurrently and a term of 60 months on Count 5 to run consecutively to the terms in Counts 1, 2, 3, and 4 producing a total term of 300 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 10 years on Count 1, 8 years on Counts 2 and 3, 3 years on Count 4, and 5 years on Count 5 to run concurrently.

On May 9, 2013, the defendant's sentence was amended per 28 U.S.C. § 2255 and Count 4 was vacated. The defendant was found guilty of Count 1, Conspiracy to Distribute and Possess With the Intent to Distribute 50 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), Count 2, Distribute 50 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), Count 3, Possess With the Intent to Distribute 5 Grams or More of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1), and Count 5, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge to the custody of the Bureau of Prisons for a term of 210 months on each Counts of 1, 2, and 3 to be served concurrently. 60 months on Count 5 to be served consecutively for a total term of 270 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 4 years on Count 1, 3 years on Counts 2 and 3, and 5 years on Count 5, all terms to be run concurrently.

On May 26, 2016, upon motion of the defendant, his term of imprisonment was reduced from 210 months on Counts 1, 2, and 3 to 168 months on each Count to be served concurrently. Count 5 remained 60 months to be served consecutively producing a total term of 228 months.

On January 17, 2025, the defendant received an Executive Grant of Clemency, from former President of the United States, Joseph R. Biden, Jr., and his total sentence of imprisonment was commuted to expire on February 17, 2025. This order left intact and in effect the term of supervised release imposed by the court with all the conditions and components of the original sentence.

Carlton Bronta May was released from custody on February 14, 2025, at which time the term of supervised release commenced.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation

Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. The defendant shall not leave the judicial district without permission of the court or probation officer.

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support his or her dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit the probation officer to visit him or her at any time at home or elsewhere and shall permit the confiscation of any contraband observed in plain view of the probation officer.

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

3. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall participate in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

7. The defendant shall obtain a substance abuse assessment from an appropriate mental health facility within thirty (30) days from the date of this judgment and complete any prescribed treatment program. The defendant must pay the assessment fee and any added treatment fees that may be charged by the facility.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: July 15, 2026

**ORDER OF THE COURT**

Considered and ordered this 30th day of July, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge